**SIMPSON et al. v. DELANEY.**

No. 57, Docket 21736.

United States Court of Appeals
Second Circuit.

Argued Oct. 6, 1950.

Decided Oct. 20, 1950.

Arthur J. Brothers, New York City, William L. Beers, J. J. Henry Muller III, New Haven, Conn., for appellants.

Sage, Gray, Todd & Sims, New York City, Melber Chambers, New York City, J. Kenneth Bradley, Bridgeport, Conn., of counsel, for Indenture Trustee.

Hodges, Reavis, Pantaleoni & Downey, New York City, Francis X. Downey, New York City, J. Stephen Knight, New Haven, Conn., of counsel, for Hollis T. Gleason, Augustus P. Loring, Jr., Walter A. Dane and Sherwood Waldron as a Protective Committee for Holders of 4% Convertible Debentures due April 15, 1958 of Norwalk Tire & Rubber Co.

Curtis, Trevethan & Gerety, Bridgeport, Conn., Pierce J. Gerety, Bridgeport, Conn., of counsel, Attorneys for Trade Creditors.

Nordlinger, Riegelman & Benetar, New York City, Pouzzner, Hadden, Kopkind & Hadden, New Haven, Conn., H. H. Nordlinger, Arthur H. Fribourg, New York City, of counsel, for Harold Frank and Richman Proskauer, a Committee of 4% Debenture Holders.

Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., Donald F. Keefe, New Haven, Conn., of counsel, for appellee Wallace W. DeLaney, Trustee of Estate of Norwalk Tire & Rubber Co., debtor.

Roger S. Foster, General Counsel, Washington, D. C., George Zolotar, Special Counsel, New York City, David Ferber, Special Counsel, Washington, D. C., Myer Feldman, Washington, D. C., Arthur A. Burck, New York City, of counsel, for Securities and Exchange Commission.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal from two orders in bankruptcy in a proceeding for the reorganization of the Norwalk Tire and Rubber Company, under Chapter X, Bankr.Act, 11 U.S.C.A. § 501 et seq. On July 7, 1949, the court had passed the usual "bar order" in the proceeding, requiring all claimants on or before September 1, 1949, to file their claims, with the exception of claims founded on "bonds, debentures or shares of stock"; but the appellants—the Simpsons and their corporations—did not file the claims now in question. Later the trustee made claims against the appellants, for a preliminary examination as to which he made application to the court on May 4, 1950. In compliance with an order made on May 24, 1950, the appellants filed the claims involved in this appeal—that is claims for commissions, services rendered, and for breach of contract. The trustee moved to disallow these claims on the ground that the order of July 7, 1949, had barred them and that the order of May 24, 1950, had not lifted the "bar"; and Judge Hincks so held on July 6, 1950. In re Norwalk Tire & Rubber Co., D.C., 93 F.Supp. 870. That order is one of the two now on appeal; the other is an order of July 12, 1950, in so far as it provided for the disbursement of the debtor's assets without making a reserve for the claims in question.

The order of May 24, 1950, was founded upon a petition of May 4, 1950, which alleged that the Simpsons held "convertible debentures" in the debtor; that the trustee had a claim against L. Drexsage & Company, Inc. (one of the Simpson corporations) for over $100,000, which was a good counterclaim or set-off against the "debentures"; and that it was "essential" that the interests of the Simpsons as "alleged debenture holders and stockholders be fixed," so that the claims of the debtor against them could be determined. The prayer was that the "bondholders and stockholders" should file claims "setting forth the amount of bonds and stock owned by them," and that objections and counterclaims might be filed to the claims. The order entered went further than the petition, for it "required" the Simpsons to assert "any and all claims of whatever character against the debtor, whether contract or tort, secured or unsecured, liquidated or unliquidated, fixed or contingent, direct or indirect, and any and all interests" in any property of the debtor; and it was by virtue of this that they filed their claims other than on debentures; and, as we have said, the order of July 6, 1950, held that the order of May 24, 1950, did not relieve these claims—that is, those other than the debentures—from the "bar" of the order of July 7, 1949.

It will be observed that the order of May 24, 1950, included more claims than the petition, on which it was founded, had described; this is accounted for by the fact that it was only upon the return day of the order to show cause, issued on the petition, that the Simpsons suggested that they had other claims than those based upon the debentures. It was the purpose of the court to include these newly asserted claims so as to make sure that all possible controversies should be adjudicated in a single proceeding. Judge Hincks, when the question came before him whether the language of the order of May 24, 1950, lifted the "bar" of the order of July 7, 1949, held that it had not done so; and there was nothing in the language of the order which compelled him to give it that effect. All it did was to require the Simpsons "to assert * * * any and all claims of whatever character against the debtor," reserving to "any party in interest" the "right * * * to file objections, defenses, off-sets, counterclaims, or other pleadings or petitions with respect thereto." It appears to us an altogether gratuitous interpolation to assume that the apparent purpose: *i. e.,* to decide the whole

controversy, was accompanied by a purpose to decide one part of it: *i. e.,* whether the new claims were "barred"; indeed that would deprive the trustee of one of those "defenses," all of which the order reserved. Judge Hincks so construed the order and he, was certainly right in doing so. The appeal comes to us presenting only the correctness of the interpretation of the order of May 24, 1950; and that is all we decide. Finally, we see no reason for suspending distribution of any funds under the order of July 12, 1950.

Order affirmed.